Case 2:19-cv-00016 Document 58 Filed on 01/31/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JARVIS DUGAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-16 |
| | § | |
| THE STATE OF TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In this prisoner civil rights action, Plaintiff Jarvis Dugas asserts various §1983 claims as well as claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A), and the Rehabilitation Act (RA), 29 U.S.C. § 794. Pending before the Court is Plaintiff's Motion for Default Judgment. (D.E. 54).

Plaintiff filed his original complaint on January 8, 2019. (D.E. 1). As directed by the Court, Plaintiff subsequently filed his amended complaint which named twenty-five defendants. (D.E. 9, 10). Plaintiff asserted claims of excessive force, deliberate indifference, retaliation, as well as discrimination claims under the ADA/RA. He sought monetary and injunctive relief.

On April 11, 2019, a *Spears*[1] hearing was conducted where Plaintiff was given an opportunity to explain his claims. Magistrate Judge B. Janice Ellington subsequently issued a Memorandum and Recommendation ("M&R"), recommending that the Court: (1) retain Plaintiff's excessive force against Defendants David Holderfield, Matthew T.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Michael, Steven Ekearel, Skinner Sturgis, and Russell Laundry; (2) dismiss Plaintiff's claims for money damages against all individual Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; (3) dismiss Plaintiff's claims against the State of Texas and seven state entities as barred by the Eleventh Amendment; and (4) dismiss Plaintiff's remaining claims against the remaining individual defendants with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous. (D.E. 15).

Judge Ellington ordered service of Plaintiff's amended complaint on Defendants Holderfield, Michael, Ekearel, Sturgis, and Landry. (D.E. 16). On August 26, 2019, Defendants Holderfield, Michael, Sturgis, and Landry filed their answer. (D.E. 33). That same day, the Office of the Attorney General (OAG) advised the Court that there is no TDCJ official named "Steven Ekearel," that the OAG assumed Plaintiff meant to name Officer Steven Eckert as the correct defendant, and that Officer Steven Eckert has separated from the TDCJ. (D.E. 34).

On October 11, 2019, Judge Ellington ordered service on Defendant Eckert.[2] (D.E. 38). This defendant was directed in the service order to file an answer within twenty-one days of his receipt of the complaint. (D.E. 38, p. 1). Defendant Eckert filed his answer on October 16, 2019. (D.E. 40).

---

[2] Although this defendant's name was identified in the service order as "Officer Steven Ekearel," the undersigned assumes that service was intended to be effectuated on Steven Eckert. In a separate order, the undersigned will direct the Clerk of Court to clarify the docket and substitute Steven Eckert as a defendant in place of Steven Ekearel.

Plaintiff moves the Court for an entry of default judgment against Steven Ekearel, who has been properly identified as Defendant Eckert. (D.E. 54). Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Plaintiff is not entitled to default judgment in this case. By filing an answer in a timely fashion, Defendant Eckert has successfully appeared in this case to defend himself against Plaintiff's allegations. Because Plaintiff is not entitled to relied under Rule 55(a), it is respectfully recommended that his Motion for Default Judgment (D.E. 54) be DENIED.

ORDERED this 31st day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).